UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANELL JACKSON, Individually and as
the Parent and Natural Guardian of
E.J., Decedent,

                              Plaintiff,

   vs.                                                 8:17-CV-1157
                                                            (MAD/CFH)

UNITED STATES OF AMERICA,
                        Defendant.
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**JANELL JACKSON**
42 Porter Lane
Hogansburg, New York 13655
Plaintiff *pro se*

**OFFICE OF THE UNITED**                  **MARY E. LANGAN, AUSA**
**STATES ATTORNEY**
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261
Attorney for the United States


**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On October 17, 2017, Plaintiff Janell Jackson ("Plaintiff") commenced this action by and through her attorney at that time, Aaron Ryder of Bottar Leone, PLLC. *See* Dkt. No. 1. In her Complaint, Plaintiff asserted three claims against the United States of America ("Defendant"),

alleging acts of medical malpractice, wrongful death, and lack of informed consent. *See generally* Dkt. No. 1.[1]

Currently before this Court is Defendant's motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

After the filing of a Complaint by Plaintiff on October 17, 2017, a Summons and General Order 25 filing order were issued the next day. *See* Dkt. Nos. 1–3. On December 18, 2017, Defendant filed an Answer to the Complaint. *See* Dkt. No. 6. On January 26, 2018, a joint Civil Case Management Plan was filed by Defendant. *See* Dkt. No 12. An initial pretrial conference was held on February 2, 2018. *See* Text Min. Entry dated Feb. 2, 2018. On February 7, 2018, Magistrate Judge Christian F. Hummel issued a Uniform Pretrial Scheduling Order, setting a discovery deadline for January 16, 2019, and a motion deadline of March 15, 2019. *See* Dkt. No. 14.

Magistrate Judge Hummel then granted a variety of requests for extensions. On September 24, 2018, Magistrate Judge Hummel granted the parties' joint request for an extension of discovery deadlines to May 16, 2019. *See* Dkt. No. 18. On January 29, 2019, Magistrate Judge Hummel granted Attorney Ryder's request for an extension of discovery deadlines in light of the government shutdown to June 20, 2019. *See* Dkt. No. 20. On March 19, 2019, Attorney Ryder requested an extension of discovery deadlines to September 1, 2019, to allow for an additional deposition of a non-party witness. *See* Dkt. No. 23. Magistrate Judge Hummel denied the length

---

[1] For a complete statement of Plaintiff's claims and the facts she relies on in support of those claims, reference is made to the Complaint.

of Attorney Ryder's request, but agreed to extend the discovery deadline by thirty days to July 22, 2019, explicitly noting that "no further extension requests will be granted." Dkt. No. 24.

On May 24, 2019, Attorney Ryder moved to withdraw as attorney for Plaintiff. *See* Dkt. No. 25. Attorney Ryder submitted a declaration to the Court, stating that "irreconcilable differences have arisen between Plaintiff and [Attorney Ryder's law firm], such that continued representation is not possible." Dkt. No. 25-2 at ¶ 3. On June 20, 2019, Magistrate Judge Hummel held a telephonic status conference regarding this motion. *See* Text Min. Entry dated June 20, 2019. Magistrate Judge Hummel advised Plaintiff "of her need to have new counsel appear on behalf of the estate as she can not proceed pro se on the estate's behalf. Plaintiff indicate[d] that she is in the process of finding new counsel." *Id.* On July 17, 2019, Defendant advised it had no opposition to Attorney Ryder's motion to withdraw as counsel. *See* Dkt. No. 27.

On July 25, 2019, Magistrate Judge Hummel scheduled a status conference for August 9, 2019, requiring plaintiff to appear in person for the conference. *See* Text Order dated July 25, 2019. At the status conference, Plaintiff advised that she understood that she "need[ed] to find another attorney if [she] want[ed] to pursue this matter[,]" that she would "like to try to find [new counsel,]" and that she did not oppose Attorney Ryder's motion to withdraw as counsel. Dkt. No. 29 at 5:7–16, 5:20–25. Magistrate Judge Hummel ordered that Plaintiff retain new counsel by September 16, 2019, additionally confirming the following:

> THE COURT: Now, you need to understand if you do not have an attorney by that time, Miss Langan may make a motion to dismiss this case, do you understand that?
>
> MS. JACKSON: Yes.
>
> THE COURT: Because you're not a lawyer, you cannot appear on behalf of the estate, all right?

3

> MS. JACKSON: Okay.
>
> THE COURT: Miss Jackson, do you understand everything I've explained to you this morning?
>
> MS. JACKSON: Yes.
>
> THE COURT: Do you have any questions you'd like to ask the Court?
>
> MS. JACKSON: No.
>
> THE COURT: Do you understand how we're going to proceed?
>
> MS. JACKSON: Yes.

Dkt. No. 29 at 6:15–7:10.

On August 14, 2019, Magistrate Judge Hummel granted Attorney Ryder's motion to withdraw, and extended Plaintiff's time to obtain new counsel until September 16, 2019. *See* Dkt. No. 30 at 2. Magistrate Judge Hummel highlighted that "Plaintiff is further advised that the failure to obtain new counsel by September 16, 2019 may result in the dismissal of this action." *Id.* A copy of the Order, as well as a copy of the August 9, 2019 status conference transcript, were served via regular mail to Plaintiff's provided address. *See* Dkt. No. 30.

Plaintiff failed to notify Magistrate Judge Hummel whether she obtained new counsel by the extended September 16, 2019 deadline. On September 19, 2019, Magistrate Judge Hummel schedule a telephonic status conference for October 2, 2019. *See* Dkt. No. 31. Notice was sent to Plaintiff's provided address, *see id.*, after which Plaintiff failed to appear and did not contact the Court. *See* Text Min. Entry dated Oct. 2, 2019. The Court attempted "to contact plaintiff directly but [was] not successful." *Id.*

On October 9, 2019, Magistrate Judge Hummel issued a text order setting a briefing schedule for Defendant's motion to dismiss, reminding Plaintiff "that failure to appear and

participate in Court Ordered conferences or failing to respond to Defendant's motion can result in dismissal of this action." Dkt. No. 32. A copy of the text order was served on Plaintiff via regular mail to Plaintiff's provided address. *Id.* Defendant subsequently filed a formal motion to dismiss on October 30, 2019, which the Court will address herein. *See* Dkt. No. 33. Plaintiff filed no response.

### III. DISCUSSION

**A.     Standard of Review**

Rule 41(b) of the Federal Rules of Civil Procedure provides that,

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal of an action under this rule is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks and citation omitted). This is particularly true where a plaintiff is proceeding *pro se*. *See, e.g.*, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding that the circuit court will give due deference to the district court's Rule 41(b) dismissal of a *pro se* litigant's complaint "only when the circumstances are sufficiently extreme").

Notwithstanding a plaintiff's *pro se* status, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to comply with the court's orders or otherwise fails to prosecute the action "diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). As explained in *Lyell Theatre*, this authority "is vital to the efficient administration of

5

judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Id.* at 42.

In determining whether dismissal for failure to prosecute is warranted, the district court must consider the following factors, none of which are dispositive individually: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted).

**B.     Duration of Delay**

The relevant inquiry on this factor is twofold: (1) whether the failures were those of the plaintiff, and (2) whether the failures were of significant duration. *See Jackson v. City of N.Y.*, 22 F.3d 71, 75 (2d Cir. 1994). There is no "magic number" when determining whether the length of the delay was of significant duration. *See Copeland v. Rosen*, 194 F.R.D. 127, 132 (S.D.N.Y. 2000).

In the present case, Plaintiff is entirely at fault for the delay. Plaintiff has not taken any action in this case since August 9, 2019, when she appeared for Magistrate Judge Hummel's status conference. *See* Dkt. No. 29. Magistrate Judge Hummel ordered that Plaintiff retain new counsel by September 16, 2019, and that if she did not do so despite this extension of the deadline, Defendant could move for dismissal of the case. *See* Dkt. No. 29 at 6:15–7:10. Plaintiff answered affirmatively when Magistrate Judge Hummel asked if she understood "how we're going to proceed" moving forward. *Id.* at 7:8–10.

Further, the day after this status conference, Magistrate Judge Hummel subsequently issued an Order granting Attorney Ryder's motion to withdraw, and extended Plaintiff's time to obtain new counsel until September 16, 2019. *See* Dkt. No. 30 at 2. A copy of the Order, as well as a copy of the August 9, 2019 status conference, were served via regular mail to Plaintiff's provided address. *See id.*

Plaintiff failed to notify Magistrate Judge Hummel whether she obtained new counsel by the extended September 16, 2019 deadline. Plaintiff also failed to appear at a telephonic status conference scheduled for October 2, 2019, for which she had notice and did not contact the Court. *See* Dkt. No. 31; Text Min. Entry dated Oct. 2, 2019. On October 9, 2019, Magistrate Judge Hummel issued a text order setting a briefing schedule for Defendant's motion to dismiss, and a copy of the text order was served on Plaintiff via regular mail at her provided address. *See* Dkt. No. 32.

Plaintiff has failed to communicate with the Court or with Defendant for five months, including failing to respond to the motion to dismiss currently before the Court. *See* Dkt. No. 29. Despite there being no "magic number" of months required for a delay to be deemed significant, courts have suggested that a delay of five to ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss." *Peters-Turnbull v. Bd. of Educ. of the City of N.Y.*, No. 96-CV-4914, 1999 WL 959375, *2-3 (S.D.N.Y. Oct. 20, 1999), *aff'd Peters-Turnbull v. Bd. of Educ. of City of N.Y.*, 7 Fed. Appx. 107 (2d Cir. 2001); *Copeland*, 194 F.R.D. at 132.

Despite Plaintiff's *pro se* status, the delay consisted of "an action lying dormant with no significant activity to move it" on the part of Plaintiff. *Lyell Theatre*, 682 F.2d at 42. The evidence weighs in favor of Defendant on this factor.

### C. Notice

The Second Circuit requires that the plaintiff receive adequate notice that her case could be dismissed due to inaction. *See Martens v. Thomann*, 273 F.3d 159, 180–81 (2d Cir. 2001). In the present case, Plaintiff was first notified during the June 20, 2019 status conference by Magistrate Judge Hummel "of her need to have new counsel appear on behalf of the estate as she can not proceed pro se on the estate's behalf." Text Min. Entry dated June 20, 2019. Plaintiff was also notified during a status conference on August 9, 2019 that her failure to retain new counsel by September 16, 2019 would permit Defendant to make a motion to dismiss. *See* Dkt. No. 29 at 6:20–23. Plaintiff was further notified via Magistrate Judge Hummel's Order on August 14, 2019, where he highlighted that "Plaintiff is further advised that the failure to obtain new counsel by September 16, 2019 may result in the dismissal of this action." Dkt. No. 30 at 2. Plaintiff also failed to appear at the October 2, 2019 telephonic status conference. *See* Text Min. Entry dated Oct. 2, 2019. The Court attempted "to contact plaintiff directly but [was] not successful." *Id.* On October 9, 2019, Plaintiff received notice yet again when Magistrate Judge Hummel issued a text order reminding Plaintiff "that failure to appear and participate in Court Ordered conferences or failing to respond to Defendant's motion can result in dismissal of this action." Dkt. No. 32. The evidence weighs in Defendant's favor on this factor.

### D. Prejudice to Defendant

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theatre*, 682 F.2d at 43 (citations omitted). As in *Lyell Theatre*, where the court presumed prejudice when the plaintiff failed to file documents after being warned

that he was risking dismissal, so can this Court presume prejudice where Plaintiff failed obtain new counsel, to attend Court-ordered telephone conferences after being warned that she was risking dismissal, or to respond to Defendant's motion to dismiss. *See* Text Min. Entry dated June 20, 2019; Dkt. No. 29 at 6:20–23; Dkt. No. 30 at 2; Text Min. Entry dated Oct. 2, 2019; Dkt. No. 32. The evidence weighs slightly in Defendant's favor on this factor.

E.     **Balance Between Calendar Congestion and Due Process Rights**

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present her case. *See Norden Sys.*, 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" *Feurtado* v. *City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (quoting *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968)). "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d at 535–36.

Again, this factor weighs in favor of dismissal. Plaintiff "has had ample opportunity to prosecute this case and to be heard. [Plaintiff] could have been heard on this motion but has squandered that opportunity by failing to submit opposition papers." *Antonios A. Alevizopoulos and Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99 Civ. 9311, 2000 WL 1677984, *3 (S.D.N.Y. Nov. 8, 2000). Plaintiff also failed to apprise the Court of any progress in obtaining new counsel or to attend Court-ordered telephone conferences, even after the Court attempted "to contact plaintiff directly but [was] not successful." Text Min. Entry dated Oct. 2, 2019. "The efficient administration of judicial affairs – a consideration vital to the Court's ability to provide meaningful access to other litigants – depends on the Court's overseeing its docket and guaranteeing that its cases progress with appropriate speed." *Antonios A.*, 2000 WL 1677984, at

9

*3 (citing *Lyell Theatre*, 682 F.2d at 42). The evidence weighs slightly in Defendant's favor on this factor.

F.   **Consideration of Lesser Sanctions**

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. *See Norden Sys.*, 375 F.3d at 257. Lesser sanctions are not appropriate in this case. Plaintiff has repeatedly failed to update the Court with regards to obtaining new counsel when she was aware that she could not represent the estate *pro se* in this matter, even when the Court granted her an extension to do so. Additionally, Plaintiff has failed respond to the motion currently before the Court or to attend Court-ordered telephone conferences. *See Peters-Turnbull*, 1999 WL 959375, at *3 ("A court need not beg a party to comply with its orders"). The evidence weighs in Defendant's favor on this factor.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss for failure to prosecute (Dkt. No. 33) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED** in light of her failure to prosecute this action and comply with orders of the Court; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 9, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge